Opinion filed December 21, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00282-CR 

                                                    __________

 

                                WAYLON EUGENE DAVIS, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

                                                          Taylor County,
Texas

                                                 Trial
Court Cause No. 21,900-A

 



 

                                                                   O
P I N I O N

 

The jury convicted Waylon Eugene Davis of
possessing between one and four grams of methamphetamine with the intent to
deliver.  The jury assessed punishment at
confinement for twenty years.  We
affirm.  

Appellant presents two issues for review.  In the first issue, he contends that the
evidence was legally insufficient to show that he intended to deliver the
methamphetamine.  In the second issue,
appellant argues that a mistrial should have been granted after a State=s witness introduced evidence of an
extraneous offense.  








In order to address appellant=s challenge to the legal sufficiency of
the evidence, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  In cases such as this, the
accused=s intent
to deliver may be proven by circumstantial evidence.  Inferences can be made from the conduct of
the accused as well as the amount of the controlled substance possessed and the
manner in which it was possessed.  Ingram
v. State, 124 S.W.3d 672, 676 (Tex.
App.CEastland
2003, no pet.).  

The record shows that appellant was a passenger in
a vehicle that was stopped for a traffic violation.  During the traffic stop, a drug dog performed
an open air sniff of the vehicle.  The
canine alerted on the passenger door where appellant had been seated.  A search of the car revealed three baggies
containing residue from a crystal-like powder substance.  One of these baggies was located in a black
duffel bag that appellant claimed was his, and the other two baggies were
located in an ashtray on appellant=s
side of the car.  After a preliminary
test of the baggie from the duffel bag tested positive, appellant was
arrested.  Three more baggies were found
during a strip search of appellant.  One
of these baggies was located at the bottom of a package of cigarettes that was
in appellant=s shirt
pocket.  This baggie contained
methamphetamine weighing .47 grams.  A
$50 bill was also found in the cigarette package.  The other two baggies were found in appellant=s underwear. These contained
methamphetamine weighing 1.48 grams and .70 grams, respectively.  During the search of appellant, officers also
found a glass pipe with residue burned on it and two lighters.

At trial, three experienced police officers
testified that the amount of methamphetamine possessed by appellant, a total of
2.65 grams, was more than one would typically possess for personal use.  Agent Steve Rogers testified that one gram of
methamphetamine would provide four to eight Ahits@ for a user.  The evidence showed that the typical user
usually purchases a quarter of a gram or half a gram at the most.  Furthermore, the officers testified that a
typical user would not keep the empty baggies B
especially if he had almost $300 worth of methamphetamine on him B but that dealers do keep empty
baggies.  Appellant was unemployed, yet
had almost $300 worth of methamphetamine spread about his person in three
separate baggies.  He also had a $50 bill
in the cigarette package where one of the baggies was located.  

After reviewing all of the evidence, we hold that
a rational jury could have found beyond a reasonable doubt that appellant
possessed the methamphetamine with the intent to deliver it.  Appellant=s
first issue is overruled.  








In his second issue, appellant asserts that a
mistrial was required after the following testimony from one of the officers
testifying for the State:

[PROSECUTOR]: Can you tell this jury whether the
1200 block of Buccaneer is noted for heavy drug activity? 

 

[WITNESS]: 
I had never known Waylon Davis before. 
I had never seen him before but had heard of his name.  I=ve
heard of his -- knowing that he=s
been involved with drugs before. 

 

Appellant=s
attorney objected that the witness=s
testimony Agoes to
prior extraneous bad offenses outside the Motion in Limine.@ 
Appellant=s
attorney also requested that the jury be instructed to disregard.  Noting that the answer was not responsive to
the question, the trial court sustained the objection and instructed the jury
to disregard the officer=s
statement.  Appellant moved for a
mistrial, which the trial court denied.

Ordinarily, a prompt instruction to disregard will
cure error associated with an improper question or answer, even one referencing
an extraneous offense.  Ovalle v.
State, 13 S.W.3d 774, 783 (Tex.
Crim. App. 2000); Tennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App.
1990).  An exception exists where the
reference was clearly calculated to inflame the minds of the jury or was of
such damning character as to suggest it would be impossible to remove the
harmful impression from the jurors=
minds.  Rojas v. State, 986 S.W.2d
241, 250 (Tex. Crim. App. 1998).  

In this case, the trial court promptly instructed
the jury to disregard the improper comment. 
The only contested issue at trial was whether appellant had the intent
to deliver the methamphetamine.  Appellant=s
attorney conceded in his opening statement that appellant possessed the
methamphetamine, but he asserted that appellant intended to use it, rather than
sell it.  Thus, the witness=s testimony that appellant had been Ainvolved with drugs before@ was not so damning as to be impossible
to remove the harmful impression from the jurors=
minds.  Under the circumstances of this
case, we hold that the instruction cured the error.  Consequently, the trial court did not abuse
its discretion by denying appellant=s
motion for mistrial.  Appellant=s second issue is overruled. 

The judgment of the trial court is affirmed.

 

December
21, 2006                                                                 JIM
R. WRIGHT

Do not
publish.  See Tex. R. App. P. 47.2(b).                         CHIEF JUSTICE

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.